# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY LEE MOURNING,<br><br>                             Petitioner,<br><br>          v.<br><br>SHERIFF WILLIAM GORE, et al.,<br><br>                             Respondents. | Civil No.    13cv1937-BTM (WVG)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

       Petitioner, a person detained at the San Diego City Jail awaiting trial on state criminal charges, is proceeding pro se with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks injunctive relief from this Court to assist him in protecting his right to the choice of counsel in his state criminal proceedings, and complaining of ineffective assistance of appointed counsel in his pre-trial and pre-preliminary hearing proceedings. (See Pet. at 1, 6-9.)

       The Petition must be dismissed because it is clear that this Court is barred from consideration of the claims by the abstention doctrine announced in Younger v. Harris, 401 U.S. 37 (1971). Under Younger, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. Id. at 45-46; see Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982) (stating that Younger "espouse[d] a strong federal policy against federal-court interference with pending state judicial

proceedings.") These concerns are particularly important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot. Sherwood v. Tompkins, 716 F.2d 632, 634 (9th Cir. 1983).

Absent extraordinary circumstances, abstention under Younger is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issues. Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 799 (9th Cir. 2001). All three of these criteria are satisfied here. At the time Petitioner filed the instant Petition, he admits that he is awaiting jury trial on criminal charges in San Diego County Superior Court, and in fact has not yet had a preliminary hearing. (See Pet. at 2-8.) Thus, Petitioner's criminal case is still ongoing in the state courts. Further, there is no question that the state criminal proceedings involve important state interests.

Petitioner attempts to show that he has not been afforded an adequate opportunity to raise the federal issues in the state courts. He contends the appellate division of the superior court has refused to accept his filings. (Pet. at 4-5.) Petitioner has not, however, indicated an inability to petition the state appellate or supreme court to address his claims, which consist primarily of allegations of ineffective assistance of counsel and the denial of the right to choice of counsel, or an inability to seek review in the appellate division of the superior court after his preliminary hearing has taken place. See People v. Pompa-Ortiz, 27 Cal.3d 519, 529 (1980) (recognizing that an application for an extraordinary writ may be made to the state appellate court regarding non-jurisdictional pre-trial errors); People v. Phillips, 169 Cal.App.3d 632, 639 (Cal.App.Ct. 1985) (same with respect to choice of counsel claims). In addition, the state courts provide an opportunity to raise these claims on direct appeal; abstention is therefore required. See Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from that the case concluded in the state courts.")

/ / /

/ / /

# CONCLUSION

For the foregoing reasons, the Petition is **DISMISSED** without prejudice.  See <u>Juidice v. Vail</u>, 430 U.S. 327, 337 (1977) (holding that if <u>Younger</u> abstention applies, a court may not retain jurisdiction but should dismiss the action); <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

**IT IS SO ORDERED.**

DATED: August 26, 2013

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court